IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO ANDINO, HECTOR GALVEZ, BRAULIO JIMENEZ, EDUARDO ORTIZ, JUAN REYES, and JESUS RODRIGUEZ, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BAY REMEDIATION, LLC, ASAP ENVIRONMENTAL INC., PATRICK KRAMER, individually, ALEJANDRO VAZQUEZ, individually, and ELIAS VAZQUEZ, | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiffs, Mario Andino, Hector Galvez, Braulio Jimenez, Eduardo Ortiz, Juan Reyes, and Jesus Rodriguez, by and through their attorneys, Becerra Law Group, LLC, for their complaint against Bay Remediation LLC, ASAP Environmental Inc. and Patrick Kramer, individually, Alejandro Vazquez, individually, and Elias Vazquez, individually (herein "Defendants"), states as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for Defendants' failure to pay earned wages and overtime wages. Plaintiffs also bring claims under the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et seq.* ("IPWA") for Defendants' failure to pay prevailing wages to Plaintiffs. Plaintiffs were directed to perform asbestos abatement at Westcott

1

Elementary School in Northbrook, Illinois, but were not compensated for their work and as a result were not compensated at the generally prevailing hourly rate as set by the Illinois Department of Labor.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.　　Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

4.　　Plaintiff Mario Andino resides and is domiciled in this judicial district.

5.　　Plaintiff Mario Andino is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Mario Andino handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

6.　　Plaintiff Hector Galvez resides and is domiciled in this judicial district.

7.　　Plaintiff Hector Galvez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Hector Galvez handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

8. Plaintiff Braulio Jimenez resides and is domiciled in this judicial district.

9. Plaintiff Braulio Jimenez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Braulio Jimenez handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

10. Plaintiff Eduardo Ortiz resides and is domiciled in this judicial district.

11. Plaintiff Eduardo Ortiz is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Eduardo Ortiz handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

12. Plaintiff Juan Reyes resides and is domiciled in this judicial district.

13. Plaintiff Juan Reyes is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Juan Reyes handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

14. Plaintiff Jesus Rodriguez resides and is domiciled in this judicial district.

15. Plaintiff Jesus Rodriguez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Jesus Rodriguez handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

16. Defendant Bay Remediation LLC ("Bay Remediation"), is an Illinois limited liability corporation doing business within this judicial district. Defendant Bay Remediation is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

17. Defendant Bay Remediation is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

18. Defendant Bay Remediation was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/ and the IWPCA, 820 ILCS, 115/2.

19. Defendant Patrick Kramer is a member manager of Bay Remediation and is involved in the day-to-day business operation of Bay Remediation. Among other things, Defendant Patrick Kramer has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

20. Defendant Patrick Kramer was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

21. Defendant Patrick Kramer is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

22. Defendant Patrick Kramer resides and is domiciled in this judicial district.

4

23. Defendant ASAP Environmental Inc. ("ASAP"), is an Illinois corporation doing business within this judicial district. Defendant ASAP is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

24. Defendant ASAP is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

25. Defendant ASAP was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

26. Defendant Alejandro Vazquez is the President of ASAP and is involved in the day-to-day business operation of ASAP. Among other things, Defendant Alejandro Vazquez has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

27. Defendant Alejandro Vazquez was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, the IWPCA, 820 ILCS, 115/2.

28. Defendant Alejandro Vazquez is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

29. Defendant Alejandro Vazquez resides and is domiciled in this judicial district.

5

30. Defendant Elias Vazquez is the Secretary of ASAP and is involved in the day-to-day business operation of ASAP. Among other things, Defendant Elias Vazquez has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

31. Defendant Elias Vazquez was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, the IWPCA, 820 ILCS, 115/2.

32. Defendant Elias Vazquez is a "contractor" or "subcontractor" awarded a contract for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

33. Defendant Elias Vazquez resides and is domiciled in this judicial district.

**FACTUAL ALLEGATIONS**

34. On May 18, 2015, Defendant Bay Remediation was awarded the asbestos abatement project at Westcott Elementary School by Northbrook/ Glenview School District No. 30. Attached hereto as Exhibit A is the May 18, 2015 letter from Northbrook/ Glenview School District No. 30 to Patrick Kramer informing him that Bay Remediation had been awarded the asbestos abatement project at Westcott Elementary School.

35. On June 17, 2015, Bay Remediation informed local police, fire, and hospital emergency departments that Bay Remediation would be performing asbestos abatement work at Westcott Elementary School beginning on June 18, 2015.

36. Plaintiffs were hired by Defendants ASAP, Alejandro Vazquez, and Elias Vazquez to perform the asbestos abatement work at Westcott Elementary School and throughout were told that they were solely employees of ASAP.

37. Plaintiffs removed asbestos from Westcott Elementary School in Northbrook, Illinois. The asbestos removal was the reason Defendant Bay Remediation was contracted by Northbrook/ Glenview School District No. 30.

38. Defendants were joint employers of Plaintiffs.

39. Defendants acted jointly in supervising Plaintiffs' work, setting work schedules, and provided Plaintiffs with equipment and materials.

40. Defendant Bay Remediation represented to Northbrook/ Glenview School District No. 30 that Alejandro Vazquez and Elias Vazquez were the Bay Remediation supervisors on the Wescott Elementary School asbestos abatement project.

41. Plaintiffs worked exclusively for Defendants at Wescott Elementary.

42. Plaintiffs were not paid any of their earned wages for the asbestos abatement work performed for Defendants at Wescott Elementary.

43. Hector Galvez, Braulio Jimenez, Eduardo Ortiz, Juan Reyes, and Jesus Rodriguez worked more than 40 hours in individual work weeks while performing asbestos abatement work at Wescott Elementary but were not paid overtime wages.

44. Plaintiffs were not paid at the generally prevailing hourly rate as set by the Illinois Department of Labor.

.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

45. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiffs.

46. Plaintiffs worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

47. Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

49. Plaintiffs were directed by Defendants to work, and did work, in excess of 40 hours per week.

50. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

51. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

52. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times the Illinois prevailing wage for asbestos abatement work for Plaintiffs who worked in excess of 40 hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 52 of this Complaint, as if fully set forth herein.

53.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

54.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

55.    At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

56.    During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

57. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

58. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

59. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

60. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the Illinois prevailing wage for asbestos abatement work for Plaintiffs who worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiffs hereby reallege and incorporates paragraphs 1 through 60 of this Complaint, as if fully set forth herein.

61. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

62. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiffs for all the time they worked bringing their hourly rate below the federal minimum wage rate.

63. Plaintiffs were entitled to be paid wages for all time worked.

64. Defendants' failure to pay Plaintiffs for all hours they worked violated the minimum wage hour provisions of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid wages for all hours that Plaintiffs worked;

B. Liquidated damages in an amount equal to the amount of wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 64 of this Complaint, as if fully set forth herein.

65. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs wages for all time he worked.

66. During the course of their employment with Defendants, Plaintiffs were not compensated for all the hours they worked.

67. Plaintiffs were entitled to be paid wages for all time worked.

11

68. Defendants' failure to pay earned wages violated the minimum wage hour provisions of the IMWL.

69. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
**Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 69 of this Complaint, as if fully set forth herein.

70. This count arises from Defendants' violation of the IWPCA for Defendants' failure and refusal to pay Plaintiffs their earned wages for worked performed at the prevailing wage rate.

71. Plaintiffs were not compensated for asbestos abatement work they performed at Wescott Elementary.

12

72. Defendants' failure to pay Plaintiffs for all time worked at the prevailing wage rate violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages, as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Prevailing Wage Act

Plaintiffs hereby reallege and incorporate paragraphs 1 through 72 of this Complaint, as if fully set forth herein.

73. This Court has supplemental jurisdiction over the matter alleged herein pursuant to U.S.C. § 1367.

74. The matters set forth in this Count arise from Defendants' violation of the prevailing wage provisions of the IPWA (820 ILCS § 130/1, *et seq.*).

75. The Illinois Department of Labor has classified the work performed by Plaintiffs as meriting the prevailing rate of hourly wages in that locality as set by the Illinois Department of Labor.

76. Defendants were awarded contracts for public works as "contractors" or "subcontractors" and are obligated to pay Plaintiffs prevailing rate as wages for work performed on public works projects.

77. Defendants violated the IPWA by refusing to compensate Plaintiffs the prevailing rate of hourly wages for asbestos removal.

78. Defendants failed to pay any wages for Plaintiffs' work.

79. Pursuant to 820 ILCS 130/11, Plaintiffs are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the wages paid and the prevailing wage rage for all labor on public works;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 130/11;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: November 24, 2015         **MARIO ANDINO, HECTOR GALVEZ, BRAULIO JIMENEZ, EDUARDO ORTIZ, JUAN REYES, and JESUS RODRIGUEZ**

By:  /s/Carlos G. Becerra
One of Plaintiffs' Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com